UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVION

| | |
|---|---|
| SUSAN K. LINDSLEY, et al. | ) CASE NO. 5:20-cv-00663 |
| Plaintiffs, | ) JUDGE SARA LIOI |
| -vs- | ) **DEFENDANT, VILLAGE OF LAKEMORE'S DESIGNATIONS AND OBJECTIONS TO PLAINTIFFS' RULE 30(b)(6) NOTICE OF DEPOSITION** |
| SPRINGFIELD TOWNSHIP, et al. | |
| Defendants. | |

Defendant, Village of Lakemore ("Lakemore"), provides the following designations and objections Plaintiffs' Civil Rule 30(B)(6) Notice of Deposition:

**Item I:** Defendant's agreement with Springfield Township to provide police services thereto.

**Response:**

The Plaintiffs have already deposed Former Mayor Rick Justice who answered all questions posed to him about Lakemore dissolving its police force and contracting with the Springfield Township for police services. The contract between Springfield and Lakemore speaks for itself, and has been produced in discovery. The Plaintiff's Notice of Deposition does not describe with reasonable particularity any *additional* matters for examination. Case law holds that such requests do not express the "reasonable particularity" required by Rule 30(b)(6). *See Fish v. Air & Liquid Sys. Corp*., 2017 WL 697663, *20-21 (D. Md.); *Trustees of Boston Univ. v. Everlight Elec. Co.*, 2014 WL 5786492, *4 (D. Mass); *see also Georgia-Pacific Consumer Prods., LP v. NCR Corp*,

2015 WL 11236844, *1 (W.D. Mich.) (topics must be designated with "painstaking specificity.") If Plaintiffs provide a more specific description of matters it would like to inquire about, Lakemore will designate a representative for deposition.

**Item II:** The identification and Chain of Custody of all items seized from Plaintiffs during the Execution.

**Response:**

Lakemore already produced former Mayor Richard Justice for deposition and he answered all questions posed to him about the Springfield Police Department executing a search warrant on March 16, 2016. Lakemore otherwise objects to this Request because it mistakenly presumes that Lakemore (1) was involved in the execution of a search warrant on or about March 16, 2016 when, in fact, Lakemore did not even have a police department at that time; (2) seized property from Plaintiffs; and (3) was responsible for a "Chain of Custody" for such property. Further, the Plaintiff's description of "actions of Defendant and/or any agent or representative thereof in, and events encompassing, the execution of the search warrant..." does not describe with reasonable particularity the matters for examination. Case law holds that such requests do not express the "reasonable particularity" required by Rule 30(b)(6). *See Fish v. Air & Liquid Sys. Corp.*, 2017 WL 697663, *20-21 (D. Md.); *Trustees of Boston Univ. v. Everlight Elec. Co.*, 2014 WL 5786492, *4 (D. Mass); *see also Georgia-Pacific Consumer Prods., LP v. NCR Corp*, 2015 WL 11236844, *1 (W.D. Mich.) (topics must be designated with "painstaking specificity.")

Further, Plaintiff has already secured the deposition of former Springfield Township Police Captain Kenneth Ray who provided testimony relative to this request.

**Item III**: The logbook or sign-in/sign-out sheet, or lack thereof, at the Lakemore municipal building where items seized during the Execution were held.

**Response**:

Lakemore already produced former Mayor Richard Justice for deposition and he answered all questions posed to him regarding the Springfield Police Department's use of the vacant former Lakemore police building for storage of evidence. Lakemore otherwise objects to this Request because it improperly presumes that Lakemore (1) was involved in the execution of a search warrant on or about March 16, 2016 when, in fact, Lakemore did not even have a police department at that time, (2) seized and assumed custody and control over Plaintiffs' property, (3) was responsible for securing seized property, and (4) was responsible for maintain a "logbook or sign-in/sign-out sheet" for seized property.

Further, Plaintiff has already secured the deposition of former Springfield Township Police Captain Kenneth Ray who provided testimony relative to this request.

**Item IV**: The identity of all individuals who accessed the area in the Lakemore municipal building where items seized during the Execution were held.

**Response:**

Lakemore already produced former Mayor Richard Justice for deposition and he answered all questions posed to him regarding who had access to the vacant former Lakemore police building for storage of evidence. Lakemore otherwise objects to this Request because it improperly presumes that Lakemore (1) was involved in the execution of a search warrant on or about March 16, 2016 when, in fact, Lakemore did not even have a police department at that time, (2) seized and assumed custody and control over Plaintiffs' property, (3) was responsible for securing seized property, and (4) was responsible for recording all individuals who had access to the vacant, former Lakemore police building.

Further, Plaintiff has already secured the deposition of former Springfield Township Police Captain Kenneth Ray who provided testimony relative to this request.

**Item V:** Defendant's Responses, including, but not limited to, Defendant's response to Interrogatory nos.: 8, 9, and 10.

**Response:**

Interrogatories 8 and 9 specifically seek information regarding items seized from the Plaintiffs' home or business location. For its response to this Request, Lakemore incorporates herein its Responses to Items III and IV above.

Interrogatory No. 10 seeks information pertaining to training manuals, policy books and books containing standard operating procedures of the Lakemore Police Department from 2015 to the present date. For its Response to this Request, Lakemore objects because the Request mistakenly assumes that Lakemore had a police department in 2015. But the Village of Lakemore dissolved and did not have a police department between July 15, 2009 and July 1, 2017. Rather, Lakemore entered into a contract with Springfield Township Board of Trustees to provide police services. Lakemore already produced former Mayor Richard Justice who answered all questions posed to him regarding the dissolution of Lakemore's police department and the contract with Springfield Township. Any particular questions regarding Police training, policy, and procedures is better directed to the Springfield Township Police Department.

Further, Defendant and current Lakemore Police Chief Kenneth Ray has already been deposed. Chief Ray offered testimony with regards to the policies and procedures of the Springfield Township Police Department when Chief Ray was employed as a Springfield Township Police Captain.

**Item VI:** Identification, including, but not limited to, name, role, and, where appropriate, badge number, of individuals involved in the Execution.

4

**Response:**

Lakemore already produced former Mayor Richard Justice for deposition and he answered all questions posed to him about the Springfield Police Department executing a search warrant on March 16, 2016. Lakemore otherwise objects to this Request because it mistakenly presumes that Lakemore was involved in the execution of a search warrant on or about March 16, 2016 when, in fact, Lakemore did not even have a police department at that time. This Request is better directed to the Springfield Township Police Department.

**Item VII:** Identification of all officers and/or personnel involved in handling cash seized from Plaintiffs during the Execution, and whether said cash was held at a Lakemore building.

**Response:**

Lakemore already produced former Mayor Richard Justice for deposition and he answered all questions posed to him about the Springfield Police Department executing a search warrant on March 16, 2016 and the Springfield Police Department's use of the vacant former Lakemore police building for storage of evidence. Lakemore otherwise objects to this Request because it mistakenly presumes that Lakemore (1) was involved in the execution of a search warrant on or about March 16, 2016 when, in fact, Lakemore did not even have a police department at that time, and (2) seized and assumed custody and control over property from Plaintiffs.

**Item VIII:** The policies of Defendant, or lack thereof, related to execution of search warrants, recording of items held in municipal buildings, and Chain of Custody.

**Response:**

For its response to this item, Lakemore incorporates herein its responses to Items II, III, IV, and VII above.

**Item IX:** The role and responsibilities of the Village of Lakemore's mayor.

**Response:**

Lakemore already produced Former Mayor Richard Justice who answered all questions posed to him regarding his role and responsibilities as Mayor of Lakemore. Lakemore otherwise objects to this Request because the description of "role and responsibilities of the Village of Lakemore Mayor" is overly broad, vague, and fails to describe with reasonable particularity the matters upon which Plaintiff seek to an examination. Case law holds that such requests do not express the "reasonable particularity" required by Rule 30(b)(6). *See Fish v. Air & Liquid Sys. Corp.*, 2017 WL 697663, *20-21 (D. Md.); *Trustees of Boston Univ. v. Everlight Elec. Co.*, 2014 WL 5786492, *4 (D. Mass); *see also Georgia-Pacific Consumer Prods., LP v. NCR Corp*, 2015 WL 11236844, *1 (W.D. Mich.) (topics must be designated with "painstaking specificity.")

**Item X:** The evidentiary basis of the criminal investigation of Richard Cook and/or Plaintiffs.

**Response:**

Lakemore already provided former Mayor Richard Justice who answered all questions posed to him regarding Springfield's investigation of Plaintiffs. Lakemore otherwise objects to the because it mistakenly assumes that Lakemore (1) was involved in or possesses knowledge regarding the "evidentiary basis" of Springfield's criminal investigation, and (2) possessed the authority to issue criminal charges. This Request is better directed to the Springfield Police Department and/or the Summit County Prosecutor's office.

**Item XI:** The extent of contact and direction received from ex-Mayor Richard Justice regarding the investigation into Richard Cook and/or Plaintiffs.

**Response**:

6

Former Mayor Richard Justice was previously deposed on December 10, 2020 and answered all questions posed to him regarding his knowledge of Springfield Township's investigation of Richard Cook. Lakemore objects to this Request as it mistakenly assumed that Mayor Justice provided "direction" for Springfield Township's investigation of Cook, which Mr. Justice denied in his deposition. Lakemore also objects to the extent Plaintiffs seek a "second bite at the apple" to examine Mayor Justice.

**Item XII:** Defendant's failure or refusal to produce certain documentary evidence as requested in Plaintiff's Request for Production nos.: 10, 11, 12, 13, 14, 15, 16, 17, and 18. Further, whether documents responsive to these requests exist.

**Response:**

Lakemore designates Solicitor Benjamin Chojnacki as its representative to testify regarding these discovery responses. However, Lakemore objects and warns Plaintiffs that most of the designated discovery requests seek information which is not within the care, custody, or control of Lakemore. Thus, Lakemore's designee may not be able to provide information because Lakemore does not possess the requested information. For example:

- Request for Production of Documents #10: This Request seeks written communications from Co-Defendant, Jamie Mizer, related to Richard Cook. But Defendant James Mizer was not an employee of Lakemore, and Lakemore is not in possession of any such communication.

- Request for Production of Documents #11: This Request seeks all written communications from Kenneth Ray related to Richard Cook and/or any Plaintiffs for the years 2015 and 2016. But Kenneth Ray was not an employee

of Lakemore in 2015 and 2016, and Lakemore is not in possession of any such communication.

- Request for Production of Documents #12: This Request seeks all recorded phone calls related to Richard Cook and/or any Plaintiff, and the investigation of Richard Cook, and/or any Plaintiff. But Lakemore did not possess a Police Department and was not involved in the investigation of Cook. Thus, Lakemore does not possess information on this topic. This Request is better directed to the Springfield Police Department.

- Request for Production of Documents #13: This Request seeks all video-recordings related to Richard Cook and/or any Plaintiff and the investigation of Richard Cook and/or any Plaintiff. But Lakemore did not possess a Police Department and was not involved in the investigation of Cook. Thus, Lakemore does not possess information on this topic. This Request is better directed to the Springfield Police Department.

- Request for Production of Documents #14: This Request seeks all evidence to be used against Richard Cook and/or any Plaintiff in the criminal prosecution. But Lakemore did not possess a Police Department and was not involved in the investigation or prosecution of Cook. Thus, Lakemore does not possess information on this topic. This Request is better directed to the Springfield Police Department or the Summit County Prosecutor.

- Request for Production of Documents #17: This Request seeks all files related to the investigation of Richard Cook and/or any Plaintiff from 2010 to 2016.

But Lakemore did not possess a Police Department and was not involved in any such investigation of Cook. Thus, Lakemore does not possess information on this topic. This Request is better directed to the Springfield Police Department.

- <u>Request for Production of Documents #18:</u> Produce all written communication from Richard Justice related to Richard Cook or any Plaintiff for the years 2015 and 2016, including but not limited to memorandums, emails, and internal office memos. Said Request is overbroad, vague and fails to specify a reasonable time frame and reasonable specific topic.

In addition, Lakemore objects to the following requests as they do not identify with reasonable particularity the matters for examination:

- <u>Request for Production of Documents #15:</u> This Request seeks all contracts within Village of Lakemore and John Frola and/or CT Consultants. These documents were provided in Responses to Request for Production of Documents.

- <u>Request for Production of Documents #16:</u> Produce copies of all building project proposals from 2010 to 2016 which would have utilized land and/or buildings in the Village of Lakemore owned by Richard Cook, Susan Lindsley or any Plaintiff.

Case law holds that such requests do not express the "reasonable particularity" required by Rule 30(b)(6). *See Fish v. Air & Liquid Sys. Corp.*, 2017 WL 697663, *20-21 (D. Md.); *Trustees of Boston Univ. v. Everlight Elec. Co.*, 2014 WL 5786492, *4 (D. Mass); *see also Georgia-Pacific Consumer Prods., LP v. NCR*

*Corp*, 2015 WL 11236844, *1 (W.D. Mich.) (topics must be designated with "painstaking specificity.")

**Item XIII:** Defendant's Answer to Plaintiffs' Complaint.

**Response:**

Lakemore objects to the extent that Lakemore's Answer was prepared by legal counsel and this item seeks the mental impressions, defense strategy, and other information which remains privileged. Notwithstanding this objection, Lakemore designates Solicitor Benjamin Chojnacki as its representative to answer questions on this Item.

Lakemore reserves its right to assert additional objections and defenses to Plaintiffs' Rule 30(B) Notice of Deposition.

/s/Anne M. Markowski
Kenneth A. Calderone, Esq. (0046860)
Anne M. Markowski, Esq. (0069705)
HANNA CAMPBELL & POWELL LLP
3737 Embassy Parkway/Suite 100
Akron OH 44333
P: 330.670.7324/F: 330.670.7440
P: 330.670.7601/F: 330.670.7456
kcalderone@hcplaw.net
amarkowski@hcplaw.net

Attorneys for Defendants,
Village of Lakemore and Richard Justice

### ***CERTIFICATE OF SERVICE***

      I hereby certify that the foregoing has been filed electronically. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's Electronic System.

                                             /s/Anne M. Markowski

Lindsley/Springfield Township
1144411 (268-149)